UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00529-MR

| | |
|---|---|
| PERCY ALLEN WILLIAMS, JR., )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>CHRIS WOODS, Warden, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court upon initial review of the Petition for Writ of Habeas Corpus filed on August 14, 2023, pursuant to 28 U.S.C. § 2254 by Percy Allen Williams, Jr. ("the Petitioner"). [Doc. 1]. Also before the Court is the Petitioner's Motion to Proceed *In Forma Pauperis* [Doc. 2], Motion for Stay of Habeas Proceedings [Doc. 6], and Motion for Order Authorizing Successive Petition [Doc. 7].

I. **BACKGROUND**

The Petitioner is a prisoner of the State of North Carolina. The Petitioner was convicted in Mecklenburg County Superior Court on December 4, 2003 of First-Degree Attempted Murder, Assault with a Deadly Weapon with Intent to Kill or Inflict Serious Injury, and First-Degree Kidnapping. [Doc. 1 at 1]. The Petitioner filed a direct appeal and the North

Carolina Court of Appeals found no error and upheld the Petitioner's judgment of conviction on July 25, 2006. [Id. at 2]; State v. Williams, 2006 WL 1821203 (N.C. Ct. App. July 5, 2006). The Petitioner sought discretionary review by the North Carolina Supreme Court and his petition was denied on April 10, 2008. [Id. at 2-3]; State v. Williams, 662 S.E.2d 393 (N.C. April 10, 2008)(unpublished).

The Petitioner filed a post-conviction Motion for Appropriate Relief ("MAR") in the Mecklenburg County in 2007, raising ineffective assistance of counsel and defective indictment. [Id. at 3-4]. Petitioner does not list the outcome of the proceeding but states that it concluded in January 2008. [Id.].

The Petitioner filed a § 2254 Petition for Writ of Habeas Corpus in this Court on January 8, 2009, which was dismissed as untimely filed. See [Docs. 1, 3] of Williams v. Jones, Case No. 3:09-cv-00006 (W.D.N.C).

On or about April 1, 2021, the Petitioner filed a post-conviction motion seeking outstanding jail credit in the Mecklenburg County Superior Court and his request was granted on or around October 6, 2022. [Doc. 1 at 5]. The Petitioner filed a petition for writ of habeas corpus in the Hyde County Superior Court regarding the outstanding jail credit, which was denied on March 14, 2023 on grounds that the Petitioner had received the jail credit he was due. [Id. at 6; Doc. 1-1 at 4]. The Petitioner subsequently sought

certiorari review, which the North Carolina Court of Appeals denied on May 5, 2023. [Id.]. The Petitioner also sought review by the North Carolina Supreme Court, which was denied on May 30, 2023. [Id. at 7].

The Petitioner filed the instant § 2254 Petition for Writ of Habeas Corpus in this Court on August 14, 2023. [Doc. 1]. The Petitioner filed a motion for authorization to file a successive habeas application with the Fourth Circuit Court of Appeals on September 12, 2023, which the appellate court denied on October 11, 2023. See [Doc. 11]; In re Percy Williams, Jr., Case No. 23-252 (4th Cir. 2023).

**II.    DISCUSSION**

    **A.    Motion to Proceed *In Forma Pauperis***

The Petitioner moves this Court for an application to proceed *in forma pauperis*. [Doc. 2]. Rule 3(a) of the Rules Governing Section 2254 Cases requires that a petition be accompanied by the applicable $5.00 filing fee or motion for leave to proceed *in forma pauperis*. Federal courts may excuse the required fees if the if the litigant demonstrates that he cannot afford to pay. 28 U.S.C. § 1915(a)(1). The Petitioner's application shows that he has no income and a .12 cent balance in his inmate trust account. [Docs. 2, 3]. The Court is satisfied that Petitioner does not have sufficient funds to pay the filing fee and grants the Petitioner's motion to proceed *in forma pauperis*.

3

## B. Initial Review of § 2254 Petition

The Petitioner raises one ground for relief in his § 2254 petition. The Petitioner alleges that on or around April 1, 2021, he filed a motion seeking outstanding jail credit in Mecklenburg County Superior Court and his request was granted on or around October 6, 2022, awarding him 964 days of jail credit. [Doc. 1 at 5]. The outstanding jail credit was for the time period of December 4, 2003 to July 25, 2006, the time in which the Petitioner's criminal proceeding was pending on appeal. [Doc. 1-1 at 2]. The Court explained that it was unable to determine whether Petitioner was provided with credit for this time, but that he was entitled to the credit to the extent that it was not awarded. [Doc. 1-1 at 2-3]. The Petitioner states that despite the trial court's Order, the judicial and/or executive branch of the State of North Carolina has refused to apply the jail credit to his remaining sentence thereby depriving him of due process. [Doc. 1 at 5].

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[b]efore a second or successive application ...is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." See 28 U.S.C. § 2244(b)((3)(A). Failure to obtain authorization from the appellate court deprives the district court of jurisdiction to consider a petitioner's

successive petition.  Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007).

As set forth above, the Petitioner has sought authorization from the Fourth Circuit Court of Appeals to file a successive § 2254 petition in this Court and his request has recently been denied.  See In re Percy Williams, Jr., Case No. 23-252 (4th Cir. 2023).  Therefore, because the Fourth Circuit denied Petitioner's request for authorization to file his successive § 2254 petition, this Court is without jurisdiction to consider it.  As such, the § 2254 petition shall be dismissed for lack of jurisdiction.

### C. Motion for Stay and Motion for Order Authorizing Successive Petition

The Petitioner moves this Court for an order seeking a stay of this habeas proceeding pending the disposition of a motion for order authorizing a successive application that he has filed in the Fourth Circuit Court of Appeals.  [Doc. 6].  However, as explained above, the Fourth Circuit Court of Appeals denied the Petitioner request for authorization to file a successive § 2254 petition on October 11, 2023.  See In re Percy Williams, Jr., Case No. 23-252 (4th Cir. 2023).  As such, the motion for authorization is no longer pending and the Petitioner cannot demonstrate any need for a stay of this proceeding.  As such, the motion is denied.

The Petitioner has also filed a Motion for Order Authorizing Successive Petition. [Doc. 7]. However, the motion appears to be a copy of the filing submitted in the Fourth Circuit Court of Appeals and is not a motion that is properly before this Court. The Court will therefore deny the motion as moot.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. [Doc. 1].

2. The Petitioner's Motion to Proceed *In Forma Pauperis* [Doc. 2] is **GRANTED**.

3. The Petitioner's Motion for Stay of Habeas Proceedings [Doc. 6] is **DENIED**.

4. The Petitioner's Motion for Order Authorizing Successive Petition [Doc. 7] is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Signed: December 6, 2023

Martin Reidinger
Chief United States District Judge