UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00529-MR

| | |
|---|---|
| PERCY ALLEN WILLIAMS, JR., ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> CHRIS WOODS, Warden, ) <br> ) <br> Respondent. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court upon the Motion for Relief from Judgment filed by the Petitioner on January 19, 2024. [Doc. 10].

**I.    BACKGROUND**

Percy Allen Williams, Jr. (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner was convicted in Mecklenburg County Superior Court on December 4, 2003 of First-Degree Attempted Murder, Assault with a Deadly Weapon with Intent to Kill or Inflict Serious Injury, and First-Degree Kidnapping. [Doc. 1 at 1]. The Petitioner filed a direct appeal and the North Carolina Court of Appeals found no error and upheld the Petitioner's judgment of conviction on July 25, 2006. [Id. at 2]; State v. Williams, 2006 WL 1821203 (N.C. Ct. App. July 5, 2006).

The Petitioner filed a post-conviction Motion for Appropriate Relief ("MAR") in the Mecklenburg County on October 7, 2007, raising ineffective assistance of counsel and defective indictment. [Id. at 3-4]. Petitioner does not list the outcome of the proceeding but states that it concluded in January 2008. [Id.]. The Petitioner sought certiorari review, which the North Carolina Court of Appeals denied on September 19, 2008. See Williams v. State, Case No. P08-729 (N.C. Ct. App. September 19, 2008). The Petitioner then sought discretionary review by the North Carolina Supreme Court and his petition was dismissed on December 11, 2008. [Id. at 2-3]; State v. Williams, 671 S.E.2d 530 (N.C. December 11, 2008)(unpublished).

The Petitioner filed a § 2254 Petition for Writ of Habeas Corpus in this Court on January 8, 2009, which was dismissed as untimely filed, as the statute of limitations had expired before the Plaintiff filed his state court MAR. See [Docs. 1, 3] of Williams v. Jones, Case No. 3:09-cv-00006 (W.D.N.C).

On or about April 1, 2021, the Petitioner filed a post-conviction motion seeking outstanding jail credit in the Mecklenburg County Superior Court and his request was granted on or around October 6, 2022. [Doc. 1 at 5]. The Petitioner filed a petition for writ of habeas corpus in the Hyde County Superior Court regarding the outstanding jail credit, which was denied on March 14, 2023 on grounds that the Petitioner had received the jail credit he

was due. [Id. at 6; Doc. 1-1 at 4]. The Petitioner subsequently sought certiorari review, which the North Carolina Court of Appeals denied on May 5, 2023. [Id.]. The Petitioner also sought review by the North Carolina Supreme Court, which was denied on May 30, 2023. [Id. at 7].

The Petitioner filed a second § 2254 Petition for Writ of Habeas Corpus in this Court on August 14, 2023. [Doc. 1]. The Petitioner filed a motion for authorization to file a successive habeas application with the Fourth Circuit Court of Appeals on September 12, 2023, which the appellate court denied on October 11, 2023. See [Doc. 11]; In re Percy Williams, Jr., Case No. 23-252 (4th Cir. 2023).

The Court entered an Order on December 6, 2023 dismissing the § 2254 petition for lack of jurisdiction as an unauthorized successive petition. [Doc. 8]. The Petitioner now seeks reconsideration of the Court's dismissal Order pursuant to Rule 60(b). [Doc. 10].

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) allows a court to enter an order providing relief from a final judgment or order under certain conditions, including mistake, newly discovered evidence, fraud or misconduct by an opposing party, a void judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The movant has the burden to establish the grounds

set forth in the motion and such grounds "must be clearly substantiated by adequate proof." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992)(quoting Thomas v. Colorado Trust Deed Funds, Inc., 366 F.2d 136, 139 (10th Cir. 1966)). Relief under Rule 60(b) is an "extraordinary remedy" to be applied only in "exceptional circumstances." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979).

### III. DISCUSSION

The Petitioner argues that the Court erred in dismissing his § 2254 petition for lack of jurisdiction when he inadvertently applied for a motion for authorization to file a successive habeas petition with the Fourth Circuit Court of Appeals. [Doc. 10 at 2]. The Petitioner asks this Court to find that authorization to file a successive petition is unnecessary "because the granting of 964 days of confinement credit by the trial court that this will be his first 2254 petition to challenge the new intervening judgment." [Id. at 3]. The Petitioner states that he was not required by law to file the motion for authorization to file a successive habeas petition because he was challenging a new judgment that was distinct and apart from the prior judgment from which he sought habeas review. [Id. at 3-4].

As explained by the Court in the dismissal Order, "[b]efore a second or successive application ...is filed in the district court, the applicant shall move

4

in the appropriate court of appeals for an order authorizing the district court to consider the application." See 28 U.S.C. § 2244(b)((3)(A). Failure to obtain authorization from the appellate court deprives the district court of jurisdiction to consider a petitioner's successive petition. Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007). The Petitioner's argument that he was not required to seek authorization before filing a successive habeas petition is without merit and he fails to demonstrate that his successive petition challenges a new or different judgment of conviction. Because the Fourth Circuit denied the Petitioner authorization to file a successive habeas petition, this Court correctly held that it was without jurisdiction to hear the § 2254 petition. The Petitioner fails to establish that he is entitled to relief under Rule 60 to warrant this Court's reconsideration of its previous Order. As such, the Petitioner is not entitled to relief and the motion shall be denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied

5

on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Motion for Relief from Judgment [Doc. 10] is **DENIED**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

Signed: March 11, 2024

Martin Reidinger
Chief United States District Judge

6

Case 3:23-cv-00529-MR   Document 12   Filed 03/11/24   Page 6 of 6